## UNITED STATES DISTRICT COURTS
### for the
## SOUTHERN DISTRICT OF NEW YORK

Aixiang Kong
      Plaintiff,

                                       CIVIL ACTION NO.

--against--

                                       JURY TRIAL DEMANDED

Dajin Realty, Inc,
Steven Gee,
Maria Ressos (individually and in her official capacity as a judge),
Malaika Scott-McLaughlin (individually and in her official capacity as a judge),
Clinton Guthrie (individually and in his official capacity as a judge),
Bronx County Housing Court,
Queens County Housing Court.
      Defendants.

## <u>VERIFIED COMPLAINT</u>

Plaintiff Aixiang Kong hereby states under the penalty of perjury as follows:

### Jurisdictional Basis

1. Plaintiff claims federal jurisdiction pursuant to Article III § 2, which extends the jurisdiction to cases arising under the United States Constitution.

2. Plaintiff claims federal jurisdiction pursuant to 28 U.S.C. § 1332, which extends the jurisdiction to cases with the amount in controversy over $75,000 involving Plaintiff with different citizenship than all Defendants.

3. Plaintiff brings this action pursuant to Title 42 U.S. Code § 1983 for violations of certain protections guaranteed to her by the First, Fifth and Fourteenth Amendments of the United States Constitution, by the defendants under color of law in his and her capacity as judges in the Housing Courts of the Bronx County and of Queens County.

### Statement of Case

4. Plaintiff, Aixiang Kong, 69 years old, is a natural person living in the State of Delaware since 2015 and is domiciled at 58 Marta Dr, Wilmington, DE 19808.

5. In 2013, Plaintiff passed the credit check by Dajin Realty Inc (the first tortfeasor/defendant) and signed a lease for 13231 41st Ave 2nd Fl, Flushing, NY 11355 as the only lease holder. In 2015, Plaintiff filed an uncontested divorce with Changhe Cheng, moved out from the premise and never returned. Dajin Realty still printed Plaintiff's name on the 01/01/2016 lease for the 2nd floor apartment and added Changhe Cheng with insufficient credit history as the second lease holder. At this moment onwards, Dajin Realty Inc has become the first tortfeasor.

6. On 01/05/2019, Plaintiff was informed that her son (Lingxi Kong)'s aunt, who lived on the 3rd Floor of 132-31 41 Ave, passed away. Coming to offer her condolences, Plaintiff found that her name was printed on both the 2nd and 3rd floor leases and were signed on her behalf; Plaintiff immediately objected.

7. On 2/14/2019, in response to a phone call from the landlord manager asking how the new lease would be signed, Lingxi Kong, who had sufficient credit score, requested that the old landlord be present to discuss issues of the remaining repairs and death due to mismanagement of the building.

8. On 02/28/2019, the old landlord did not show up and the lease renewal with Lingxi Kong as the first signatory/leaseholder and Cheng Changhe as the second signatory/leaseholder was processed in an unpleasant atmosphere due to landlord's not showing up as discussed. (Exhibit A: the 2019 lease).

9. On 03/05/2019, Changhe Cheng sent WeChat messages urging the old landlord of Dajin Realty to repair and to negotiate compensations for the death. The old landlord was not happy and refused to respond.

10. On 03/10/2019, some gangsters were pressing the doorbell heavily and threatened Plaintiff's son and ex-husband to move. Plaintiff Aixiang Kong, who was far away in Delaware, was very anxious in her heart, fearing that her son would be attacked.

11. On 03/07/2019, Steven Gee (the Second Defendant/Tortfeasor, landlord's attorney) suddenly sent a letter demanding that the 2nd and 3rd floor tenants must vacate by 04/31/2019 (Exhibit B: Attorney's Notice). Lingxi Kong and Changhe Cheng replied that the leases have been renewed (reply letter is in possession under Defendant Steven Gee).

12. On 05/01/2019, Dajin Realty and Steven Gee committed fraud in the court by using the expired 2018 leases to commence a holdover action in the Queens County Housing Court, naming Aixiang Kong, an outsider and wrong party, as the first defendant and Cheng Changhe as the second defendant (Exhibit C: Summons and Complaint for LT-59897/19 and LT-61850/19). Steven Gee now became the second tortfeasor.

13. Around 11 am on 08/28/2019, when Queens County Housing Court Judge Maria Ressos was to announce her decision, Lingxi Kong handed over the 2019 leases to Judge Ressos. Judge confirmed the signatories of the leases as Lingxi Kong and Changhe Cheng. Steven Gee in his embarrassment immediately removed his glasses and wiped his sweat. He then stated that the landlord had not signed the leases, even though he had not forgot that the old 2018 leases with which he commenced the holdover action were also not signed by the landlord. At this moment, the only thing the judge could do was to dismiss the case immediately because holdover was the only cause of action.

14. However, Steven Gee then stated that the respondents owed an unspecified amount of rent arrears, an issue that was never mentioned in the Complaint nor in the trial. Even the landlord's manager was stunned.

15. Judge Maria Ressos immediately announced that a joint trial would be held within two hours. This was illegal, and Judge Maria Ressos now became the Third Defendant and Tortfeasor.

16. Two hours later, Steven Gee couldn't produce any evidence showing rent arrears, so the illegal trial became stalled. Judge Ressos even bought out a blank Stipulation for Settlement to Steven Gee to force a baseless Settlement.

17. Steven Gee wrote a few sentences and demanded the respondents to sign. Since the court translator was not performing his duties, Changhe Cheng had to use English to raise objections to Judge directly, but Interpreter warned Cheng that speaking English directly in the court without the interpreter constituted "contempt to the court". Under threat and intimidation, Lingxi Kong signed; Judge Ressos and Steven Gee demanded Changhe Cheng's signature. In fear that the proactive Judge may put him under judicial arrest, Cheng fled from the courtroom and the illegal trial. (Exhibit D: handwritten decision on 8/28/19)

18. Next is the Fourth Defendant and Tortfeasor: Judge Malaika Scott-McLaughlin. On 09/24/2019, Dajin Realty and Steven Gee brought the second action against the wrong party Aixiang Kong, Judge Scott-McLaughlin not only accepted the case with conscious disregard of *res judicata*, but also failed to identify the defendants based on the lease signatures. Rather, she deemed Aixiang Kong as the first defendant based on the caption. If Judge Scott-McLaughlin rightly dismissed the second lawsuit, the entire persecution against Aixiang Kong the wrong party would come to an end immediately.

19. For the first time in history, Defendant Judge Scott-McLaughlin deliberately conducted an illegal trial with conscious disregard of *res judicata* against Aixiang Kong whom Defendant Judge knew to be the wrong party. Defendant Judge Scott-McLaughlin ruled in the judgment that Aixiang Kong was dead but still listed Aixiang Kong as the first one to be evicted.

20. On 04/26/2022, Defendant Judge Clinton Guthrie illegally transferred the case with a pending enforcement motion to Defendant Judge Scott-McLaughlin in the Bronx County Housing Court. Defendant Judge Scott-McLaughlin treating Aixiang Kong as a Schrodinger's cat, who was dead in her Judgement on 5/8/2020 but now came back to life, to be included in the eviction list. (Exhibit E: 5/8/2020 Judgement)

21. On 10/20/2022, at the conference held in the Bronx Housing Court hearing the enforcement motion, when respondents hand-delivered to Defendant Judge Scott-McLaughlin and Defendant Steven Gee five new pieces of evidence showing the case had to be terminated, Judge and Counsel looked at each other without response and hastily withdrew from the courtroom, leaving the respondents with no opportunity to defend or have an oral argument.

22. On 01/06/2023, Judge Scott-McLaughlin issued the Order granting eviction, wherein she completely deprived the respondents' right of defense by consciously disregarding all evidence and motion documents hand-delivered to them on 10/20/2022 that indisputably proved 1) Aixiang Kong was the wrong party, 2) accepting ERAP funds constituted new contracts, 3) *res judicata*. (Exhibit F: 01/06/2023 Decision)

23. Even though Aixiang Kong never filed a case nor been tried in the Bronx County, Defendant Judge Scott-McLaughlin went so far as to send execution papers in the name of the Bronx

Housing Court to Aixiang Kong's home in the State of Delaware as well as to the premises in Queens where Aixiang Kong lived eight years ago.

24. Defendant Dajin Realty and Defendant Steven Gee, after receiving approximately the $80,000 ERAP funds in 02/2022 (Exhibit G: ERAP acceptance for 2nd and 3rd Fl), requested for eviction enforcement on 03/15/2022. On 03/31/2022, Aixiang Kong made a special trip from the State of Delaware to Queens Housing Court with evidence to demand that she be unconditionally removed from the case. However, Defendant Judge Clinton Guthrie ignored the fact that the landlord's acceptance of $80,000 has constituted a new lease, and ignored the legal fact that the case was unenforceable. Thus Defendant Judge Clinton Guthrie became the Fifth Tortfeasor in the case. Defendant Judge Clinton Guthrie abdicated his duties and, acting out of his judicial capacity, illegally transferred the case to the Bronx County Housing Court that had no jurisdiction, kicking the wrong party around like a ball among the various tortfeasors.

25. The problem with the First Tortfeasor and Second Tortfeasor is their initiation of a lawsuit without any evidence of rent arrears to evict the tenants on the 2018 lease and the new tenants on the 2019 lease, and at the same time, to evict the five new tenants (including an active-duty military personnel) who paid rents of $80,000 and formed new leasing contract via landlord's acceptance of the ERAP funds.

26. The problem with the Third Tortfeasor is that when the first lawsuit against Aixiang Kong was dismissed after trial and when the validity of Lingxi Kong's lease signed in 2019 was confirmed, the judge had no basis to list both Aixiang Kong and Lingxi Kong as respondents simultaneously because they were from two different years and in different signatories. At the same time, the judge, without proof of rent arrears, changed the lease signing date from 02/28/2019 to 01/01/2019 on the written judgement to accommodate the First and Second Tortfeasors' allegation that the second floor was already in rent arrears prior to the lease renewal.

27. The problem with the Fourth Tortfeasor is that with conscious disregard of res judicata, she actually conducted an illegal trial and entered a second judgment. She ruled that Aixiang Kong

a dead person, and then made her a living person 2.5 years later. She could conduct an illegal trial in Queens County Housing Court and also issued orders/decisions from the Bronx County Housing Court. While knowing Aixiang Kong was a wrong party, this Bronx Judge issued enforcement decisions from Bronx Housing Court to both Queens and to the State of Delaware, acting in her administrative and not judicial capacity. This is a serious violation of Plaintiff's reputation and privacy (First Amendment rights) and a deprivation of the *res judicata* defense (Fifth Amendment rights), conducted in a court with clear absence of all jurisdiction and with no due process of law (Fourteenth Amendment rights). If judicial immunity can be invoked to justify these egregious and malicious acts, then any person in the United States can be persecuted by any judge without restriction.

28. The problem with the Fifth Tortfeasor is that, as a Queens judge, he illegally ordered the Bronx Housing Court to hear the enforcement case and then took it back again and hear it himself in the Queens Housing Court.

29. The Sixth Defendant/Tortfeasor in this case is Queens County Housing Court, a judicial organization with civil capacity. In the past four years, its negligent supervision of the trial has enabled judicial persecution against Plaintiff Aixiang Kong, and is jointly and severally liable for the damages suffered by Plaintiff.

30. The Seventh Defendant/Tortfeasor in this case is the Bronx County Housing Court, a judicial organization with civil capacity. Its negligent supervision and the lack of jurisdiction caused serious damage to the reputation of Plaintiff, and shall be jointly and severally liable for the damages sustained by Plaintiff.

31. 20 years ago, Plaintiff was persecuted in China by the local government, red-top businessmen and the judiciary system. After sustaining huge emotional turmoil due to the political imprisonment of her high school son Lingxi Kong, and suffering from the deprivation of her company and private property, Plaintiff overcame her suicidal thoughts and fled to the United States. After becoming a US citizen, now Plaintiff only to find herself in a situation similar to that which occurred in China. Plaintiff was gradually questioned by her business circle, her friends, and even her family and friends at home, and some even cut off ties. For this reason,

Plaintiff in this case closed her massage parlor in Delaware. Even when Plaintiff occasionally went to Flushing to see her son, she did not dare to be physically close the building of 13231 41 Ave, fearing that the landlord with a mob background would abuse, stop, detain or attack her. Plaintiff only asked her son to come over to meet her at the hotel. Plaintiff was afraid of answering phone calls from unknown numbers and visits from people, and was in a state of chronic anxiety.

32. From 01/23/2023 to 01/26/2023, the Fifth Defendant/Tortfeasor also denied four consecutive Order to Show Cause applications to Stay or to Vacate filed by respondents, including Aixiang Kong the wrong party and a tenant who is active-duty military officer. Defendant Judge Clinton Guthrie stated that no one has any basis to set aside Defendant Scott-McLaughlin's enforcement decision made in Bronx. His denials of the Order to Show Cause applications were a continuation of the Fourth Tortfeasor's acts and hence made him an accomplice of the Fourth Tortfeasor. (Exhibit H: Four OSC Applications)

33. The news continued to spread. It is a question of survival or death, and Plaintiff's answer is to invoke her Constitutional rights in the federal court against judicial persecution by the lower court judges whose judicial immunity will be deemed non-existent.

**Prayer for Relief**

Wherefore plaintiff prays this Court issue equitable relief as follows:

34. Issue punitive damages in the amount of $339,996,563 against the above seven defendants.

Dated: 01/31/2023

*Aixiang Kong*

Respectfully Submitted: Aixiang Kong

58 Marta Dr, Wilmington, DE 19808

UNITED STATES DISTRICT COURTS

for the

SOUTHERN DISTRICT OF NEW YORK

Aixiang Kong

      Plaintiff,

                                       CIVIL ACTION NO.

--against--

                                       JURY TRIAL DEMANDED

Dajin Realty, Inc,
Steven Gee,
Maria Ressos (individually and in her official capacity as a judge),
Malaika Scott-McLaughlin (individually and in her official capacity as a judge),
Clinton Guthrie (individually and in his official capacity as a judge),
Bronx County Housing Court,
Queens County Housing Court.

               Defendants.

## Verification

I, Aixiang Kong, declare under penalty of perjury and state that I have written,

read and known the contents of the following documents:

    VERIFIED COMPLAINT
    MOTION FOR PERMISSION FOR ELECTRONIC CASE FILING

I further state under penalty of perjury that all of the statements contained therein

are true and correct to the best of my knowledge and belief.

*aixiang kong*

Aixiang Kong

Sworn to and subscribed before me on:

*Edward G Mayer*

EDWARD GEORGE MAYER
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires 05-11-2023