UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AIXIANG KONG and LINGXI KONG,<br><br>                              Plaintiffs,<br><br>-against-<br><br>DAJIN REALTY, INC., STEVEN GEE, MARIA RESSOS, MALAIKA SCOTT-MCLAUGHLIN, CLINTON GUTHRIE, BRONX COUNTY HOUSING COURT, and QUEENS COUNTY HOUSING COURT,<br><br>                              Defendants. | 23-CV-833 (VSB)<br><br>OPINION & ORDER |

<u>VERNON S. BRODERICK</u>, United States District Judge:

Plaintiffs bring this *pro se* action under 42 U.S.C. § 1983 ("§ 1983") alleging that defendants violated their rights under the First, Fifth, and Fourteenth Amendments of the United States Constitution. ("Complaint" Doc. 9, at 1.) Because Defendants Malaika Scott-McLaughlin, Maria Ressos, Clinton Guthrie, the Bronx Housing Civil Court, and the Queens Housing Civil Court enjoy immunity under the Eleventh Amendment, all claims against them are dismissed.

## DISCUSSION

**A.      Eleventh Amendment Immunity**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity," neither of which have occurred. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (cleaned up). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (cleaned up). Both the Bronx Housing Civil Court and the Queens Housing Civil Court are part of the New York State Unified Court System, which is a well-established arm of the state. *See id.* at 368 ("[T]he New York State Unified Court System is unquestionably an 'arm of the State,' and is

entitled to Eleventh Amendment sovereign immunity."); *Jacobs v. Jacobs*, No. 21-CV-10577 (CS), 2022 WL 10648864, at *4 (S.D.N.Y. Oct. 18, 2022).  Accordingly, Plaintiffs' claims against the Bronx Housing Civil Court and the Queens Housing Civil Court must be dismissed because they are barred by the Eleventh Amendment.

Plaintiffs also name three New York City Housing Court judges as defendants in this case: Malaika Scott-Mclaughlin, Maria Ressos, and Clinton Guthrie.  (Complaint 1.)  Plaintiffs allege that Judge Ressos held an illegal trial, (Complaint 3), Judge Scott-McLaughlin "deliberately conducted an illegal trial with conscious disregard of res judicata against" Plaintiffs, (Complaint 4), and Judge Guthrie "illegally transferred [her] case" (*id.*).  Judges are immune from suit for "acts arising out of, or related to, individual cases before the judge." *Sliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009); *see also Badwal v. Badwal*, 756 F. App'x 101, 102 (2d Cir. 2019); *Green v. Maraio*, 722 F.2d 1013, 1016–18 (2d Cir. 1983) ("A judge defending against a section 1983 action is entitled to absolute judicial immunity from damages liability for acts performed in his judicial capacity.")  Plaintiffs' claims against Malaika Scott-Mclaughlin, Maria Ressos, and Clinton Guthrie must be dismissed because the complained-of acts all fall within the scope of their judicial responsibilities.

**B.    Venue**

Plaintiffs' complaint does not allege why venue is appropriate here.  Under 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Plaintiffs reside in Delaware and the Eastern District, and their claims arise from the leases for apartments located in the Eastern District at 132-31 42st Avenue, Flushing (Queens County), New York.  (Complaint 2.)  Defendant Dajin Realty is based out of the Eastern District and the

complained-of lawsuits took place in the Eastern District. (*See* Doc. 3; Complaint 3, 5–7.) The only apparent connection between this case and the Southern District is that one defendant, Steven McGee, is employed in the Southern District. (*See* Doc. 3.) "While a plaintiff's choice of forum is accorded some deference, it receives less consideration when the plaintiff does not reside in the chosen forum and the operative facts did not occur there." *Crichlow v. Fischer*, No. 12-CV-7774 NSR, 2015 WL 678725, at *8 (S.D.N.Y. Feb. 17, 2015). Plaintiffs are hereby ordered to show cause in writing within 30 days from the date of entry of this order as to why this matter should not be transferred to the Eastern District of New York.

## CONCLUSION

Plaintiffs' claims against Malaika Scott-McLaughlin, Maria Ressos, Clinton Guthrie, the Bronx Housing Civil Court, and the Queens Housing Civil Court are hereby DISMISSED. The Clerk of the Court is respectfully directed to terminate the pending gavel at Doc. 11.

SO ORDERED.

Dated:   February 17, 2023
        New York, New York

                                          VERNON S. BRODERICK
                                          United States District Judge