UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
:
AIXIANG KONG and LINGXI KONG :
:
                      Plaintiffs, :
: 23-CV-833 (VSB)
       -against- :
: ORDER
:
DAJIN REALTY, INC., et al. :
:
                    Defendants. :
:
--------------------------------------------------------- X

VERNON S. BRODERICK, United States District Judge:

Before me is Plaintiffs' motion for reconsideration of my decision to sua sponte dismiss Plaintiffs' claims against Defendants Malaika Scott-McLaughlin, Maria Ressos, Clinton Guthrie, the Bronx Housing Civil Court, and the Queens Housing Civil Court (together, "Judicial Defendants"). (Doc. 18.) Because Plaintiffs' motion is untimely and Plaintiffs have not raised any arguments that justify reconsideration of my prior dismissal, the motion to reconsider is DENIED. Further, because venue is better suited in the Eastern District of New York, the matter is hereby transferred.

## I.     Procedural History

Plaintiff Aixiang Kong initiated this action by filing a complaint on January 31, 2023. (Doc. 1.) On February 14, 2023, Plaintiff Aixiang Kong amended the complaint and added Lingxi Kong as a co-plaintiff. (Doc. 9.) On February 17, 2023, I sua sponte dismissed the Judicial Defendants because Plaintiffs' claims against them fall within the scope of their immunity under the Eleventh Amendment. (Doc. 14.) On March 19, 2023, Plaintiffs filed a letter motion seeking reconsideration of my dismissal. (Doc. 18.) On March 21, 2023,

Defendants Dajin Realty Inc and Steven Gee, (together, "Defendants"), filed a motion to dismiss the amended complaint. (Doc. 19.)

II. **Motion for Reconsideration**

I do not find that it is necessary to reconsider my dismissal of the Judicial Defendants. Motions to reconsider are governed by Local Rule 6.3, which requires that a motion to reconsider be made within fourteen days of the Court's determination of the original motion. Prior to discussing the substance of Plaintiffs' motion, I note that Plaintiffs did not file their letter seeking reconsideration until over a month after I dismissed the Judicial Defendants, (*see* Docs. 14, 18), and had not sought an extension of time to seek reconsideration. Accordingly, their motion may be denied as untimely.

Even if Plaintiffs timely filed their motion for reconsideration, it would still be denied. Plaintiffs argue that I was wrong to dismiss the claims against the Judicial Defendants "because the earlier 9th Amendment is a preemptive legal arrangement." (Doc. 18, at 2.) However, "the Ninth Amendment is not an independent source of individual rights; rather, it provides a 'rule of construction' that we apply in certain cases." *Jenkins v. C.I.R.*, 483 F.3d 90, 92 (2d Cir.2007) (quoting *United States v. Bifield*, 702 F.2d 342, 349 (2d Cir.1983)). Plaintiffs offer no support that the Ninth Amendment somehow limits Eleventh Amendment immunity. Plaintiffs also dispute the application of Eleventh Amendment immunity to the Judicial Defendants. (Doc. 18, at 2–3.) Plaintiffs do not point to any "controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). A judge's determination as to whether they may "try a case that has been tried before," (Doc. 18, at 3.), or whether they "have no jurisdiction," (*id.*), over a party are the exact sort of "acts arising out of, or related to, individual cases before

the judge" that "are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). Plaintiffs also correctly assert that Federal Rule of Civil Procedure 41(b) does not apply to this action. (Doc. 18, at 3.) However, Rule 41(b) is not the only way by which a judge may dismiss a case. The Second Circuit recognizes that a district court may dismiss a claim sua sponte if, as is the case here, there is no question as to whether Plaintiff can prevail. *Muka v. Murphy*, 358 F. App'x 239, 241 (2d Cir. 2009); *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (affirming sua sponte dismissal of litigant's claim where the defendant-judge was protected by absolute immunity). Accordingly, I see no basis to reconsider my prior decision dismissing the Judicial Defendants.

### III. <u>Transfer of Venue</u>

In my Order dated February 17, 2023, I observed that Plaintiffs' claims appeared to have little connection to the Southern District of New York and requested that Plaintiffs show cause why this matter should not be transferred to the Eastern District of New York. (Doc. 14.) In their March 19, 2023, letter, Plaintiffs state that "[p]ro se Plaintiff, after research, agrees that the venue is inappropriate." (Doc. 18, at 3.)

A District Court may sua sponte transfer venue "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a); *Blum v. Salomon*, No. 06-CV-3149 (WHP), 2006 WL 3851157, at *3 (S.D.N.Y. Dec. 28, 2006); *Goodall v. New York State Dep't of Corr. & Cmty. Supervision*, No. 19-CV-532 (KAM) (SJB), 2019 WL 4805029, at *2 (E.D.N.Y. Oct. 1, 2019). The only connection this matter has to the Southern District of New York is that one defendant, Steven McGee, is employed in the Southern District. (*See* Doc. 3.) The Eastern District of New York has more substantial connections to this matter: Defendant Dajin Realty is based out of the

Eastern District, (Doc. 3); one Plaintiff resides in the Eastern District; and the claims arise from the leases for apartments located in the Eastern District, (Doc. 1, at 2).  Accordingly, I find that venue should be transferred to the Eastern District of New York.

In their motion to dismiss, Defendants have notified the Court that "instead of waiting for the transfer, Plaintiffs have now filed a new complaint in the Eastern District of New York." (Doc. 20, at 3.)  Defendants attached a copy of the new complaint (the "Eastern District Complaint") as an exhibit to their motion to dismiss.  (Doc. 19-4.)  I recommend that this case be referred to Judge Nina R. Morrison as related to *Kong v. Dajin Realty Inc.*, No. 1:23-cv-01536 (E.D.N.Y.) because:  every Defendant named in the Eastern District Complaint was also named in this matter; the Eastern District Complaint details the same factual circumstances as this matter; and the Eastern District Complaint seeks the same value in punitive damages as sought in this case.  (*Compare* Doc. 9, *with* Doc. 19-4.)

## IV.　**Conclusion**

Accordingly, Plaintiffs' motion for reconsideration is DENIED.  It is hereby ORDERED that this matter be transferred to the Eastern District of New York, with a recommendation that this case be referred to Judge Nina R. Morrison as related to *Kong v. Dajin Realty Inc.*, No. 1:23-cv-01536 (E.D.N.Y.).  The Clerk of the Court is respectfully directed to terminate any open motions and transfer this case forthwith to the United States District Court for the Eastern District of New York.  The seven-day waiting period set forth in Local Rule 83.1 shall be waived.

SO ORDERED.

Dated:　　March 22, 2023
　　　　　New York, New York

_____
Vernon S. Broderick
United States District Judge